NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| D. M., by and through his next friend C.M., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> OREGON SCHOOL ACTIVITIES ASSOCIATION, an Oregon Corporation, by and through the Board of Directors of Oregon School Activities Association; OREGON SCHOLASTIC ACTIVITIES ASSOCIATION, an Oregon Corporation, by and through the Board of Directors of Oregon Scholastic Activities Association, <br><br> Defendants-Appellees. | No.  22-36029 <br><br> D.C. No. 6:22-cv-01228-MC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 12, 2023**
Seattle, Washington

Before:  GRABER, GOULD, and FRIEDLAND, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff D.M. appeals the district court's denial of his request for a preliminary injunction to prohibit the Oregon School Activities Association (OSAA) from applying its eight-consecutive-semester rule to bar him from playing school sports in his last year of high school. Because D.M. has now graduated from high school, his appeal is moot. We therefore dismiss.

D.M. concedes that "the controversy on appeal [is] dormant between the parties as of" the date of his graduation from high school, but he argues that the "capable of repetition, yet evading review" exception to mootness applies here. The controversy, however, must be capable of repetition with respect to the particular appellant in question for that exception to apply. *See, e.g.*, *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974) (per curiam) (holding that the plaintiff's challenge to a specific law school admission process was moot and not capable of repetition because he was already enrolled for the final term of his final year of law school and would never be subject to that admissions process again). Because the controversy with respect to Appellant D.M.—whether OSAA violated the ADA by applying its eight-consecutive-semester rule to bar D.M. from playing sports in his final year of high school—cannot repeat now that D.M. is no longer a high school student, the mootness exception cannot apply here.[1] *Cf. Where Do We Go*

---

[1] The fact that OSAA's eight-consecutive-semester rule may also bar other students from playing sports does not make a difference here because D.M. is

*Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 857–59 (9th Cir. 2022) (holding that, although the preliminary injunction being appealed had been set to expire before argument, the controversy was "capable of repetition" because the plaintiffs had extended the injunction and could continue to do so and also because the harm with respect to appellant Caltrans—its being enjoined from clearing the encampments—was likely to repeat).

**DISMISSED.**

---

bringing a claim only on his own behalf, based on his own particular disability. In *DeFunis*, the school's allegedly unconstitutional admission process would have affected future applicants. 416 U.S. at 319. But because DeFunis brought the claim only on behalf of "himself alone, and not as the representative of any class," *id.* at 314, the claim was moot when DeFunis would no longer be subject to the policy, *id.* at 319.

3